UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA S. MITLYNG,<br><br>                       Plaintiff,<br><br>v.<br><br>CITY OF ANACORTES, et al.,<br><br>                       Defendants. | No. C05-123Z<br><br>ORDER |

This matter comes before the Court on Defendant's Motion for Summary Judgment, docket no. 28. This matter arises from Linda S. Mitlyng's (Plaintiff) action against five individual city employees (Officer Perkins, Sergeant Small, Chief King, City Attorney Munce, and City Prosecutor Mansfield) and the City of Anacortes (Defendant). Originally, Plaintiff was seeking damages against all Defendants under 42 U.S.C. § 1983, arising out her arrest and prosecution for Reckless Endangerment and Criminal Trespass. On July 5, 2005, this Court entered an order, docket no. 26, granting individual Defendants summary judgment dismissing Plaintiff's claims against them. In that order, the Court found that the individual police officers, Officer Perkins and Sergeant Small, had probable cause for Plaintiff's arrest. As a result of that order, the only Defendant that remained party to this action was the City of Anacortes (Defendant).

ORDER  -1-

## I. Defendant's Motion for Summary Judgment

Defendant has now moved for summary judgment, docket no. 28, dismissing Plaintiff's claims against it with prejudice. So long as it is granted without prejudice, Plaintiff does not oppose Defendant's motion based solely on the previous order of the Court. While the liability of a municipality does not turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Id. As a result of the previous finding by the Court that probable cause existed, Plaintiff is unable to show an absence of probable cause. Therefore, Plaintiff necessarily cannot prove the essential element of a constitutional violation. The Court concludes that Defendant cannot be held liable because no constitutional violations occurred. See Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997). As a result, the motion for summary judgment is GRANTED. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and warrant entry of summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317.

Moreover, the application of the ruling is not merely procedural. The issue of probable cause was decided by the Court on the merits; finding that probable cause did exist. Therefore, Defendant's motion for summary judgment is GRANTED WITH PREJUDICE.[1]

## II. Plaintiff's Alternative Request for a Continuance

Plaintiff, in the alternative, requests a continuance of this motion to complete discovery in the event that the Court were to decide it was going to grant Defendant's motion for summary judgment dismissing the claims against Defendant with prejudice. Plaintiff seeks to continue discovery regarding the substantive issues surrounding dismissal of Defendant rather than base Defendant's dismissal solely on the Court's previous conclusion

---

[1] By entering judgment on this motion based on the determination that no constitutional violations occurred, the Court does not reach the issues of Defendant's Policy or Custom, Causation and Culpability, or Adequate Training.

ORDER   -2-

that the officers had probable cause.  However, both parties agree that with the absence of an underlying constitutional violation, Plaintiff's claims against Defendant fail.

Additionally, Plaintiff's request for a continuance does not meet the requirements for such a motion under Fed. R. Civ. P. 56(f).  When making such a motion, the party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment."  Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).  Furthermore, "[t]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."  Volk v. DA Davidson & Col, 816 F.2d 1406, 1416 (9th Cir. 1987).

Here, the discovery cutoff was August 1, 2005, and Plaintiff has completely failed to 1) identify what information she is seeking, 2) show how such information would preclude summary judgment, and 3) state any factual basis tending to show that such evidence might exist.  Therefore, Plaintiff has failed to fulfill the requirements of Fed. R. Civ. P. 56(f).  Plaintiff's request for a continuance is also DENIED.

IT IS SO ORDERED.

DATED this 14th day of October, 2005.

/s/ Thomas S. Zilly
_____
THOMAS S. ZILLY
United States District Court

ORDER   -3-